*567
SUMMARY ORDER

Petitioner Fei Zheng, a native and citizen of the People’s Republic of China, seeks review of an August 21, 2007 order of the BIA denying his motion to reopen. In re Fei Zheng, No. A070 906 201 (B.I.A. Aug. 21, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the agency’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir. 2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008).
We find that the agency did not err in denying Zheng’s untimely motion to reopen because we have previously reviewed the BIA’s consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish either materially changed country conditions or an objectively reasonable fear of persecution. See id. at 169-72 (noting that “[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency”); see also Wei Guang Wang v. B.I.A., 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as “the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion”). While Zheng argues that the BIA’s analysis of his evidence was inadequate, evidence that “the [agency] is asked to consider time and again [may be considered] ... in a summary fashion without a reviewing court presuming that [the agency] has abused its discretion.” Wei Guang Wang v. B.I.A., 437 F.3d 270, 275 (2d Cir.2006). Indeed, we have rejected the notion that the agency must “expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner,” Jian Hui Shao, 546 F.3d at 169, and will “presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise,” Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 338 n. 17 (2d Cir.2006).
Zheng’s assertion that he has demonstrated prima facie eligibility for relief is unavailing, as the BIA reasonably found, based on the record and its precedential decisions, that the Chinese government does not physically compel sterilization but rather seeks to secure compliance with its family planning goals by imposing economic sanctions as an alternative to sterilization, and that such sanctions do not rise to the level of persecution. See Jian Hui Shao, 546 F.3d at 164 (finding that the BIA reasonably concluded that the economic rewards and penalties used to implement the family planning policy in Fuji-an province did not necessarily amount to “physical or mental coercion”). While we have recognized that, in some circumstances, “severe economic penalties could be as effective as physical pressure in forcing an involuntary sterilization,” the record evidence in this case did not compel the BIA to find a reasonable possibility of the imposition of penalties amounting to economic persecution upon the petitioner’s return to China. Id. at 161-162. Because Zheng’s failure to establish prima facie eligibility for relief provides a valid basis for the BIA’s denial of his motion to reopen, we find no abuse of discretion here. See INS v. Abudu, 485 U.S. 94, 104, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).
*568 For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).